UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELLEN REYES,

                                            Plaintiff,

                      -against-

VALLEY STREAM SCHOOL DISTRICT and
DR. MARC BERSTEIN,

                                              Defendant.
------------------------------------------------------------------------X

<u>MEMORANDUM OPINION</u>
<u>and ORDER</u>

CV 07-4864 (JFB) (ETB)

This is a very troublesome action that was initiated by the plaintiff, Ellen Reyes, acting pro se, in November 2007. Ms. Reyes has attempted in this litigation to review the Individualized Education Plan ("IEP") established by the defendants, Valley Stream School District and Dr. Marc Berstein (hereinafter called "the District"), for the 2006-2007 school year as it related to her disabled daughter, referred to as "J.R."

It appears that complaints filed against the District triggered the commencement in 2007 of an administrative due process proceeding, pursuant to New York Education Law Section 4401 and Commissioner of Education Regulation Section 200.5, before the Impartial Hearing Officer ("IHO") Paul T. Bumbalo, Esq., which resulted in a final decision on May 6, 2008. In a twenty-one (21) page decision, the IHO found that the District provided a free and appropriate education to J.R. and directed that she be required to participate in an evaluation for admission to the Henry Viscardi School ("HVS") for orthopedically impaired students.

That decision states the following as to any appeal:

> [A] notice of intention to seek review shall be served on the school
> district not less than 10 days before service of a copy of the
> petition for review upon such school district, and within 25 days

> from the date of the decision sought to be reviewed. The petition
> for review shall be served upon the school district within 35 days
> from the date of the decision sought to be reviewed. If the
> decision has been served by mail upon petitioner, the date of
> mailing and the four days subsequent thereto shall be excluded in
> computing the 25-or 35-day period. Decision by Paul T. Bumbalo,
> Esq., IHO, dated May 6, 2008, <u>In the Matter of the Application
> brought by E.R. on behalf of their child J.R. against the Valley
> Stream Central High School District</u>.

On February 19, 2008, the District moved to dismiss on the ground, among others, that the plaintiff and J.R. had failed to exhaust their administrative remedies by timely appealing the IHO's decision.

On March 10, 2008, the assigned district judge, Joseph F. Bianco, dismissed this action, without prejudice, to allow plaintiff to pursue her administrative remedies.

The plaintiff's response to Judge Bianco's order was the submission of no less than twenty-seven (27) letters addressed to the court between March 11, 2008 and July 25, 2008. These letters were often hand delivered to the Clerk for filing and the plaintiff would frequently be accompanied by J.R. on these court visits.

Plaintiff was advised by Judge Bianco on July 25, 2008 that, in the absence of such an appeal, the federal court was without authority to review the District's IEP. Plaintiff's counsel, Lester Wayne Mackey, Esq., appearing at that and other conferences, but never filing a notice of appearance, was instructed by the court that the plaintiff

> still has not properly exhausted her claim so that it may be heard in
> federal court. The court advised plaintiff's counsel to ascertain
> whether plaintiff had appealed the decision and, in any event, to
> make an appeal to the New York State Education Department
> Office of State Review so that a final decision can be rendered.
> The court further advised counsel that the Court would allow him
> to submit a motion to reopen the case at any time he concluded
> plaintiff was in a legal position to do so. (Docket Entry 68 - Tape #

11:54-12:14.)

Between July 30, 2008 and September 17, 2008, the plaintiff made 15 pro se requests for an emergency conference and a restraining order. Many of these filings were done in person, accompanied by J.R. during regular school hours.

On September 17, 2008 the undersigned was requested to address one of these applications and did so by the issuance of an order to show cause:

> why the within action should not be restored to this court's active docket pursuant to the oral directive of Judge Bianco, dated July 25, 2008 (see entry # 68 of the Docket Sheet herein) on the ground that plaintiff has adequately exhausted her available State remedies. (Order to Show Cause, dated Sept. 17, 2008.)

The District opposes the show cause order, based on, among other grounds, the failure of the plaintiff to exhaust her administrative remedies by filing an appeal from the May 6, 2008 decision of the IHO. (Aff. of Opp'n by John P. Sheahan, Esq., dated Sept. 30, 2008, 3-10.)

The plaintiff now appears in this action by counsel, Frederick K. Brewington, who filed a notice of appearance on October 6, 2008.

Addressing the exhaustion issue in "Plaintiff's Memorandum of Law Addressing the Issue of Plaintiff's Exhaustion of Her Administrative Remedies," counsel acknowledges the absence of compliance with the exhaustion of administrative remedies but asks for an extension to seek leave for late filing by the State Education Department:

> As it stands now, after our evaluation of the case and the applicable case law, Ms. Reyes has not yet fully exhausted her administrative remedies. Nevertheless, late petitions to appeal a decision is [sic] allowed under certain circumstances. This office is currently pursuing Plaintiff's right to seek an enlargement of time to file an appeal. Accordingly, Plaintiff respectfully requests that the case be held in abeyance pending the outcome of Plaintiff's petition to file a late appeal.      (Id. at 1.)

DISCUSSION

It is undisputed by both parties that the exhaustion of administrative remedies is a condition of review in this court, pursuant to the IDEA. See, e.g., J.S. v. Attica Cent. Schools, 386 F.3d 107, 112 (2d Cir. 2004); ("it is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court. . . ."). see also Pl. Mem. of Law Addressing the Issue of Pl. Exhaustion of Her Admin. Remedies 4.

The court has not received from either party to this action any evidence that the plaintiff has ever sought leave, through counsel, to file a late appeal of the IHO's May 6, 2008 decision, which is the subject matter of this action. The court has deferred any decision on this show cause order for more than six (6) months from the date that the show cause order was issued.

The plaintiff now appears before the Family Court in Nassau County. A child neglect proceeding was commenced against the plaintiff in August 2008 relating to the plaintiff's failure to comply with the IEP relating to the appropriate education of J.R. That court has ordered home tutoring for J.R. as an interim measure. (Order of Edmund M. Dane, dated Sept. 26, 2008.) In addition, Judge Dane ordered the petitioner and J.R. to comply with the May 6, 2008 decision of the IHO. (Id.) Pursuant to that order, the court is in receipt of recent correspondence, dated February 27, 2009, from the Henry Viscardi School informing the District that J.R. has been accepted into the 8th grade at that school for the remainder of the 2008/2009 school year. (Letter from Glover, J. to Gay, M., dated Feb. 27, 2009.)

Similarly of recent disclosure to the court is the undisputed fact that plaintiff and J.R. are no longer residents of the defendant District and have taken up residence in the Bellmore-Merrick School District, which now has the obligation of providing an appropriate education to

J.R.

## CONCLUSION

Based on the foregoing, the Order to Show Cause issued on September 17, 2008 is dismissed, thus leaving in place the prior orders of Judge Bianco, dismissing this action, without prejudice to renewal, upon proof of plaintiff's compliance with the exhaustion of state administrative remedies relating to J.R.'s appropriate educational needs.

Since the Order to Show Cause directed the District to show cause as to why the within action should not be reopened, it is unclear why their response included a motion to dismiss. This action was dismissed by Judge Bianco on March 10, 2008, with leave to renew as discussed above. For that reason, the District's motion to dismiss is denied as moot.

**SO ORDERED:**

Dated: Central Islip, New York
March 26, 2009

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge